Thomas J. Rattay, Esq.
Jason W. Isom, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
Thomas.Rattay@ogletreedeakins.com
Jason.Isom@ogletreedeakins.com
Attorneys for Defendant
Bethesda Lutheran Communities, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| BRITTNEY WARD, | : | Civil Action No. 2:18-cv-15574-JMV-JBC |
| Plaintiff, | : | *Civil Action* |
| v. | : | **DEFENDANT BETHESDA LUTHERAN COMMUNITIES INC.'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| BETHESDA LUTHERAN COMMUNITIES; JOHN DOE, 1-10; JANE DOE, 1-10; JOHN DOE, CORP., 1-10; fictitiously named, | : | |
| Defendants. | : | |

---

Defendant Bethesda Lutheran Communities, Inc. (improperly pled as Bethesda Lutheran Communities) (hereinafter "Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by way of Answer to Plaintiff's Complaint, states as follows:

### AS TO THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, as such, Defendant denies said allegations.

2. Defendant denies the allegations in Paragraph 2 of the Complaint, except to admit that Defendant terminated Plaintiff on May 31, 2018.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint, except to admit that, during the course of Plaintiff's employment from January 2, 2018 until May 31, 2018, it operated a group home for individuals with intellectual and developmental disabilities at 11 Summit Avenue, Pompton Lakes, New Jersey.

## AS TO THE BACKGROUND AND STATEMENT OF FACTS

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the Complaint, except to admit that Plaintiff worked at a group home for individuals with intellectual and developmental disabilities at 11 Summit Avenue, Pompton Lakes, New Jersey.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint; the DSP Work Guidelines & Expectations #29 is a writing that speaks for itself.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, as such, Defendant denies said allegations.

13. Defendant denies the allegations in Paragraph 13 of the Complaint, except to admit that Plaintiff contacted Linda Brinkman regarding staffing at 11 Summit Avenue, Pompton

Lakes, New Jersey. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's "expectations."

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint, except to admit that Plaintiff emailed Mark Faller on May 27, 2018 and May 29, 2018, regarding staffing at 11 Summit Avenue, Pompton Lakes, New Jersey on April 29, 2018. The emails dated May 27, 2018 and May 29, 2018 are writings that speak for themselves.

16. Defendant denies the allegations in Paragraph 16 of the Complaint, except to admit that Plaintiff emailed Mark Faller on May 27, 2018 and May 29, 2018, regarding staffing at 11 Summit Avenue, Pompton Lakes, New Jersey on April 29, 2018. The emails dated May 27, 2018 and May 29, 2018 are writings that speak for themselves.

17. Defendant denies the allegations in Paragraph 17 of the Complaint, except to admit that Plaintiff emailed Mark Faller on May 27, 2018 and May 29, 2018, regarding staffing at 11 Summit Avenue, Pompton Lakes, New Jersey on April 29, 2018. The emails dated May 27, 2018 and May 29, 2018 are writings that speak for themselves.

18. Defendant denies the allegations in Paragraph 18 of the Complaint, except to admit Defendant terminated Plaintiff on May 31, 2018 for the legitimate, non-retaliatory reasons that (1) Defendant had received several complaints from staff and legal guardians regarding Plaintiff and (2) Plaintiff had violated her Last Chance Agreement dated February 15, 2018.

19. Defendant denies the allegations in Paragraph 19 of the Complaint, except to admit Defendant contacted the police on May 31, 2018 after Plaintiff attempted to enter Defendant's property at 11 Summit Avenue, Pompton Lakes, New Jersey after Defendant notified Plaintiff of her termination via telephone.

## AS TO THE FIRST COUNT

### (Retaliation In Violation of the New Jersey Conscientious Employee Protection Act, N.J. Stat. § 34:19-1 (CEPA))

1. Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 19 as if set forth in full herein.

2. Defendant denies the allegations in Paragraph 2 of the First Count of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the First Count of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the First Count of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the First Count of the Complaint.

6. Defendant denies the allegations in Paragraph 6 of the First Count of the Complaint.

7. Defendant denies the allegations in Paragraph 7 of the First Count of the Complaint.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to judgment on the First Count of the Complaint and further denies that Plaintiff is entitled to any of the relief requested in the" Wherefore" section of the Complaint.

## SEPARATE DEFENSES

Defendant asserts the following separate defenses, without assuming the burden of proof on any separate defense except as required by law.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted as a matter of law.

### SECOND SEPARATE DEFENSE

Plaintiff was an "at will" employee of Defendant whose employment was subject to termination at any time and for any reason.

### THIRD SEPARATE DEFENSE

All actions taken with respect to Plaintiff's employment, including disciplinary actions and termination, were based upon legitimate, business reasons that were not retaliatory, as determined by Defendant based upon its business judgment and in good faith.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred or limited by the doctrines of waiver, estoppel, laches and/or unclean hands.

### FIFTH SEPARATE DEFENSE

Plaintiff's claim for damages is barred, in whole or in part, by her failure to mitigate damages.

### SIXTH SEPARATE DEFENSE

Any damages incurred by Plaintiff were not caused or proximately caused by Defendant.

### SEVENTH SEPARATE DEFENSE

Defendant is not liable for punitive and/or liquidated damages under the Conscientious Employee Protection Act because neither Defendant, nor any of its employees, committed any

act with malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages fails as a matter of law because Plaintiff cannot establish especially egregious conduct by Defendant.

## NINTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages is barred because, at all times, Defendant acted in good faith to comply with all applicable anti-whistleblower laws.

## TENTH SEPARATE DEFENSE

Plaintiff's claims, or some of them, are barred by the applicable statute of limitations.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages violates Defendant's rights to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of New Jersey.

## TWELFTH SEPARATE DEFENSE

Even if Plaintiff were able to prove that Defendant's actions and decisions were motivated, in part, by unlawful retaliatory intent, Plaintiff's claims still fail because Defendant would have taken the same actions and made the same decisions irrespective of its alleged unlawful retaliatory intent.

## RESERVATION OF RIGHTS

Defendant reserves the right to later amend this pleading by asserting additional defenses and/or otherwise supplementing this pleading based upon the discovery of more definite or additional facts relative hereto.

**WHEREFORE**, Defendant hereby demands judgment against Plaintiff, dismissing the Complaint in its entirety and with prejudice and awarding to Defendant attorneys' fees, costs, interest, and such other and further relief as the Court deems equitable and just.

    Respectfully Submitted,

    **OGLETREE, DEAKINS, NASH,**
    **SMOAK & STEWART, P.C.**
    Attorneys for Defendant
    Bethesda Lutheran Communities, Inc.

By: <u>s/ Thomas J. Rattay</u>
    Thomas J. Rattay, Esq.
    Jason W. Isom, Esq.

Date:   November 21, 2018

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

    I hereby certify that the matter in controversy is not, to my knowledge, the subject of any other pending action, arbitration proceeding or administrative proceeding, and that no other action, arbitration proceeding or administrative proceeding is contemplated by the Defendant at this time.  I am not aware of any other parties who should be joined in this action at this time.

                                                 Respectfully Submitted,

                                                 **OGLETREE, DEAKINS, NASH,**
                                                 **SMOAK & STEWART, P.C.**
                                                 Attorneys for Defendant
                                                 Bethesda Lutheran Communities, Inc.

                                  By:     <u>s/ Thomas J. Rattay</u>
                                                 Thomas J. Rattay, Esq.

Date:   November 21, 2018

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's Answer and Separate Defenses to Plaintiff's Complaint, Rule 11.2 Certification, and this Certificate of Service were electronically filed with this Court on this date, and thereby simultaneously served via ECF upon:

James Harrison Banks, Esq.
**BANKS LAW OFFICES, LLC**
One University Plaza, Suite 412
Hackensack, New Jersey 07601

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
Attorneys for Defendant
Bethesda Lutheran Communities, Inc.

By: s/ Jason W. Isom
Jason W. Isom, Esq.

Date: November 21, 2018

36069585.1